FILED

2010 Nov-12  AM 11:07
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **THE CITY OF BIRMINGHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:10-CV-2159-VEH** |
| | ) | |
| **THE ESTATE OF PAUL** | ) | |
| **RAYMOND JONES, SR., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION

## I.    INTRODUCTION

This is an action for federal interpleader brought pursuant to 28 U.S.C. § 1335. (Doc. 1).  A group of photographs from "an extensive collection of works from African-American artists" (the "Photographs") is the disputed property interest.  (*Id.* ¶¶ 7, 8).  The court has before it the Motion to Dismiss (Doc. 14) (the "Motion") filed by Defendants Estate of Paul Raymond Jones, Sr., Paul Raymond Jones, Jr., and Sheila Bares Henderson, as personal representative of the Estate of Paul Raymond Jones, Sr. on November 9, 2010.

## II.    ANALYSIS

One of the issues raised by Defendants in the Motion is that "[j]urisdiction is

not proper in this Court because the elements necessary to affect interpleader jurisdiction have not been completed." (Doc. 14-1 at 9). Section 1335 provides in relevant part:

> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) <u>the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper</u>, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a)(1) (emphasis added).

While Defendants have not cited to any controlling case law and the court has not independently located such authority, the court agrees with Defendant that "<u>under the plain language of the statute</u>" and consistent with the cited persuasive precedent, this Court does not have jurisdiction to hear instant case." (Doc. 14-1 at 10 (emphasis added)); *see, e.g., Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 798 (7th Cir. 1980) ("Such deposit is necessary for the district court to acquire jurisdiction over the action.") (citing *Miller & Miller Auctioneers, Inc. v. G. W. Murphy Industries, Inc.*, 472 F.2d 893, 895 (10th Cir. 1973)); *Smith*, 627 F.2d at 798 ("In the

2

instant case, it is undisputed that the fund was properly deposited with the court by the State of Illinois at the commencement of the litigation and that the district court possessed jurisdiction at that time.") (emphasis added); *In re Sinking of M/V Ukola*, 806 F.2d 1, 5 (1st Cir. 1986) ("The deposit of money, property or a bond with the court is a prerequisite for obtaining jurisdiction over an interpleader action.") (emphasis added) (citations omitted).

In particular, Plaintiff has not deposited the property "into the registry of the court[.]"  28 U.S.C. § 1335(a)(1).  Alternatively, Plaintiff has not "given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper[.]" (*Id.*).

Instead, Plaintiff has ineffectively filed a Motion for Leave to Interplead Photographs (Doc. 2) (the "Motion for Leave"), which seeks "to interplead the Photographs into the Court or, in the alternative, for an order that leaves the Photographs temporarily in the care and safekeeping of the [Birmingham] Museum [of Art] as the Court's temporary repository of the interpleaded property[.]" (Doc. 2 ¶ 9.a).  Further, Plaintiff expressly "recognizes that  a request for relief by interpleader ordinarily contemplates that the money or property that is the subject of the action will be tendered by the interpleader plaintiff to the Court[,]" but then offers no authority for its non-compliance with the unambiguous statutory requirements for

properly instigating an interpleader action.  (Doc. 2 ¶ 8).

## III.   CONCLUSION

Accordingly, the Motion is due to be granted because of Plaintiff's failure to satisfy the jurisdictional prerequisites for federal interpleader, and this case is due to be dismissed without prejudice.  Further, in light of this determination, both the rest of the Motion and the Motion for Leave are due to be termed as moot.  A separate order will be entered.

**DONE** and **ORDERED** this the 12th day of November, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

4